**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario Jon GALE, also known as Jose Manuel Rodriguez, Defendant–Appellant.**

No. 02–1288.

United States Court of Appeals, Tenth Circuit.

Feb. 27, 2003.

John W. Suthers, U.S. Attorney, Brenda Taylor, Robert M. Russel, Denver, CO, for Plaintiff–Appellee.

Before EBEL, HENRY and HARTZ, Circuit Judges.

**ORDER AND JUDGMENT**[*]

EBEL, Circuit Judge.

Mario Jon Gale pled guilty to one count of unlawful reentry into the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 70 months' imprisonment, the minimum sentence within the applicable range under the United States Sentencing Guidelines. Mr. Gale now appeals the district court's refusal to grant him a downward departure for cultural assimilation. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

On appeal, Mr. Gale's counsel filed an *Anders* brief and moved to withdraw as

appellate counsel. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the *Anders* brief, counsel argues that Mr. Gale's sentence was not imposed contrary to the law, as a result of an incorrect application of the Sentencing Guidelines, or in excess of the applicable Guideline range, and that Mr. Gale's appeal is therefore wholly without merit. We have fully examined the proceedings as required by *Anders* and concluded that Mr. Gale's appeal is indeed without merit. Moreover, we lack jurisdiction to review a district court's failure to depart downward in sentencing absent a claim that the court misunderstood its authority to depart. *United States v. Coddington*, 118 F.3d 1439, 1441 (10th Cir. 1997). We find no such misunderstanding on the part of the district court in this case.

For the foregoing reasons, counsel's motion to withdraw is GRANTED and Gale's conviction is AFFIRMED.

---

\* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.